The case on today's docket is People's State of Illinois v. Cory Schroeder. We have Kelly Stacey for the appellant and Dan Evers for the affilee. Would you get settled in, Ms. Stacey? You may begin. Thank you, Your Honors. Counsel, may it please the Court, this case is a relatively straightforward case of statutory interpretation. At issue is section 51035B of the speedy trial statute. In the trial court, the defendant was charged with unlawful possession of drug paraphernalia, contributing to the relinquency of a child, unlawful possession of cannabis, and driving while under the influence of alcoholic drugs. The defendant filed a petition to rescind the statutory summary suspension. That matter was set for hearing on April 4, 2008. The defendant moved to continue the case to the date certain of April 14, 2008. The defendant did not appear for either court date, including the one on the day he specifically requested. In the course of the proceedings, the defendant filed a motion to dismiss for failure to bring him to trial within the 160-day requirement of the speedy trial statute. And at hearing on the defendant's motion, the trial court relied on the case of People v. Cornwell. It was a 1973 5th District case, which was decided before the amendment to section 51035B took effect in the year 2000. The State argued at hearing on the defendant's motion that the statute had been amended since the Cornwell decision, and that under the plain language of the statute, defendant's failure to appear for any court date set by the court operates to waive his written demand for trial under section 51035B. And in this appeal, the people challenged the trial court's reading of the statutory amendment because the defendant's failure to appear for any court date set by the court does operate to waive his demand for speedy trial under 1035B. The language in the legislation is clear and ambiguous, but the trial court refused to properly apply it in this case. The defendant has argued in his opening remarks that the record is devoid of any notice sent to him on the April 14, 2000 hearing date. But the record is not devoid of notice. That's the date that he and his attorney specifically requested to have the matter set. Was that in a motion or something? Was that in a written motion? It was. We want this date. It was, and it was a request for a date certain because the defendant had a first appearance on that date. And you argued, I think, in your reply brief that the court's own order reflects a finding that the defendant failed to appear. What order was that? We don't have to, it's not an appendix or anything, so. It's in, it's in a, well, I guess you'd call it a docket sheet. A docket entry award. That's the award. And is that on that date, June 14th, that shows the defendant fails to appear? He, the trial court found that on, I don't have that part of the docket sheet with me. The court took it under advisement and issued the ruling on May 13, 2009. But the trial court, as part of that ruling, found that the defendant, like the defendants in Cornwell, this defendant failed to appear. So there was a finding made by the trial court that he failed to appear at a minimum for the April 14, 2008 hearing. That was the date he requested to have reset. But you don't recall whether the docket entry for that date showed any entry that he failed to appear. There was a, there was a note by the trial court, a notation that the defendant failed to appear. On April 14th. That's correct. Oh, okay, okay. So it is clear the defendant had notice of that court date. The defendant also argues that the state has possibly waived the issue because no bench warrant was issued for the defendants failure to appear. And although in the Patterson case cited by the state, the second district 2009 case that we rely on, the defendant's bond was forfeited in that case. Under the plain language of the statute, neither a bond revocation, a bond forfeiture, or a bench warrant is required in order for a defendant to waive his written demand for speedy trial under 103-5B. All that is necessary for a waiver of the defendant of his right to speedy trial is failure to appear for court on any date set by the court. Now, part of that, though, would have to be that he knew he had to be there that day. I think arguably, and as defense counsel. And I think what defense counsel is arguing is there's nothing in the record to show that he knew it. I mean, you can say his attorney requested that date, but there's nothing showing the clerk ever sent him a notice. I think that's true. There's nothing showing the clerk sent a notice on that date. There is, in the record, the court date for April 4, 2008 was set because the defendant filed a petition to rescind the statute. Under statute, that has to be set for hearing within 30 days. So the court clerk sent notice to both the state and defense counsel, and presumably the client, that the matter was going to be set for hearing on an April 4 date. Counsel then filed a motion to continue that date, requested that the court reconvene on April 14, 2008 because the defendant had another court appearance that day. It's clear from that motion that the attorney and the defendant spoke, unless it was the same attorney that represented him on the first appearance on a separate case or on a case where he continued to represent the defendant on. But it's clear there was some discussion there. Not only that, when an attorney files a motion, then his client is going to be bound by his actions in the case. Let me ask another question, and I haven't seen the record, but at the time of the argument on the speedy trial motion, did the defendant, was there any claim made in writing or orally or anything that he hadn't gotten notice? No, there was not a claim made to that. The argument that was made at that hearing was that, well, that really wasn't a failure to appear because there was no adversarial proceedings set that day. And it's true that on that day, nothing happened, but that begs the question of what can happen when a defendant isn't there. And that's also addressing the issue of why there isn't a transcript for that day. Without the defendant being there, what happened on April 14th was that the entire matter got settled for May 9th, 2008 for hearing on the petition. As with statutory interpretation, the legislature could have expressly stated that in the event a defendant fails to appear for a hearing, a bench warrant must be issued prior to a finding that the defendant has forfeited his written demand for speedy trial. But a court should not depart from the plain meaning of a statute by reading into the language exceptions, limitations, or conditions not expressed in the legislature. I think the record is clear here. The trial court did make the finding that the defendant failed to appear. He did not later submit a new written demand for speedy trial, so his demand has been waived. Thank you, Your Honor. Thank you. Mr. Evers, your argument. Good afternoon, Your Honor. Good afternoon. It's been a while since I did a state appeal, and it's been a while I've been able to say the word, affirm. I know how you like that word. But in this case, the determination of the circuit court was well within its discretion, we believe, and that the appropriate approaches were this court to affirm. Well, didn't the trial court base its decision on Cornwell? Well, partially. Partially? This is a mixed question of law and fact as to what exactly is to happen with the application of the statute and the application of facts. I would have to freely admit this. If the only thing you have to do is look at that document on June 14th and it says defendant does not appear, if the only thing you have to do is say look at that, then Mr. Schroeder is going to lose. We believe that in terms of the law, with the statute saying fails to appear, there are variations of what happens when somebody fails to appear. In terms of how and why somebody does not appear, there are a lot of different reasons, all of them valid excuses, all of them which you would have to say this would not waive the speedy trial term just as a matter of equity in terms of what we want our courts to be doing. I would suggest that if you look at what happened in this case, the state just lost track of this case. Let it go for over a year, and this is its rationale in retrospect for why it did not proceed on track to get this done expeditiously. The state points to that March 4 or April 4, 2008 hearing and the filing of a petition for rescission of the statutory suspension. That all is irrelevant to the criminal case, to the traffic case. That is a civil proceeding to get its license back. It has nothing to do with the speedy trial of the DUI. So all of that is simply irrelevant. On April 14, there is some kind of hearing. The problem with all of that is that the required appearance date of the defendant to appear on that ticket, and it is on the ticket, was April 11. You look at that, and then there is nothing in the documents about what happened on April 11. There was that motion to continue to April 14 filed by the defendant's attorney, and it says that is the required appearance date. But that is wrong, and what communication there is between Mr. Schroeder and his attorney about that April 11 and April 14 and what actually we are doing on those things, we do not know. The motion to continue was to continue the petition to rescind. Yes, as I understand. Again, who cares about that in terms of the speedy trial because that is the civil case and not the traffic case. And so that is why I believe it is very important that we talk about what record do we have. As an appellate attorney for many years, I have always been very careful about what kind of record I can present to the appellate court. There is not a transcript of those hearings in this record. Was there ever a trial date set? Not that I can tell. The only thing that I can see is that on April 14, 2008, there is some kind of hearing where there is no transcript, and we do not know what the state says about the defendant, Mr. Schroeder, not being present. We do not know what they said. He is not present here and this is causing us problems. They very easily could have said, well, there is all these circumstances and we are going to continue this case some more, and then they just lost track of it. And the only thing that happened after that is on April 17, 2009, a year later, the defense filed a motion for discharge. They might have filed a motion for discharge because the defense was tired of waiting around to be told that something was going to happen or they might have gotten wind that the state was going to do something. But I am not sure whether you can look at that record and say exactly why that occurred. From what I can tell, they could have sat around for months and months more. It is just silent. There is one statement in the state's brief that I find very interesting. It is on page 7 of the state's brief. At no time has the state ever indicated that defendants' presence at the April 14, 2008 court date was excused. And then they came to cite to a really good record cite for that proposition. Because, again, we got this here. There is no transcript. There is no bystanders report. And there is no finding of facts on that point by the circuit court judge. If they had really been upset at that April 14 hearing about the defendant, Mr. Stroger, not being there, they could have raised the statement. They could have said this is causing us all kinds of problems. This is the problem. But they don't have a record about that. They don't have a record that shows that they didn't come in and say, well, we don't care about that. What they have is, a year later, the state prosecutor latching on to the statute and saying, he didn't occur. This is in the document. That's all I got to show. Can you forfeit a defendant's bond for not showing up on a petition to rescind? I don't think so. Again, because that's the civil case. And if this was indeed the first appearance, which I would invite your honors to look at the April 11 required attendance date, and then that thing about the motion saying let's do this on April 14th, and what kind of notice was actually provided back and forth, I don't think anything occurred at that hearing besides, well, there was miscommunication between everybody, and let's put this off sometime, and the state then put it off and put it off and put it off and put it off. All the state would have had to have done is the next time that let's have this required attendance date, send notice to Mr. Schroeder, get him in, and that would have been it. And then they could have proceeded on. Consequently, again, I cannot stress enough what is the mixed question of fact and law. And if the only point that this court has to look at is that document saying the defendant's not here right now, then I have to admit I lose. But I don't think that's what the law is. I don't think that's what the factual findings of the court would be. Consequently, we ask your honors to affirm the circuit court's order in discharging Mr. Schroeder. Thank you. Thank you, Mr. Evers and Ms. Stacy. Thank you, your honors. In this case, we have two companion cases. There was the DT case, and there was also a misdemeanor case. One case was 08-DT-27. The other was 08-CM-68. So it's more than just a DUI case that we're dealing with here. Okay, what does the record show on the companion misdemeanor case then? Does it also show failure to appear on that date? My recollection, and I'm subject to correction on this because it's been a while since I've looked at the record, but I believe defense counsel listed both cases on his motion to continue to the April 14th hearing date. Well, and then you said there was a docket entry somewhere on the 14th that the judge said defendant fails to appear. That's correct. Is that on both? It said that the state appears, defense counsel appears, defendant fails to appear. On both? Do you think it's on both of them? It's specifically noted on the April 14th date. We knew that the defense attorney was moving to continue the April 14th date, presumably because his client wasn't available that day. So there wasn't really a notation on the record as to why he wasn't there. But the statute, the speedy trial statute, doesn't require an extensive fact-finding expedition as to why the defendant isn't there. His attorney apparently didn't make any kind of suggestion to the court as to why he was there because the court made the finding defendant fails to appear. I'm just trying to get at what was set that day. If the only thing set that day was the petition to rescind, and if it was only in the DUI case that the notation was made that he failed to appear, maybe that would make a difference. I don't know, but that's what I'm trying to find out. It's difficult to tell from the record. I think there's sufficient information in the record presented to show that the defendant had notice of that hearing date, and he failed to appear for that hearing date. It does indicate that by agreement of the parties, the hearing on the petition to rescind the statutory summary suspension was set over to May 9th, 2008, and the defendant was there that day, and it appears as though there wasn't any other court date that he did miss. Does the docket sheet show a trial date being set? He made the demand for speedy trial. I don't know that I recall. Again, I briefed this back in December, but from my recollection, I don't see the trial date ever was set. As for the State's position on that, once the State saw that the defendant failed to appear for court, presumably knew the statute had been amended because that hearing on the defendant's motion to dismiss, the State raised that. We have an affirmative defense here because the defendant failed to appear for court on a date set by the court, at the defendant's request, no less. He failed to appear for that date. It waives the written demand for speedy trial. The trial court seemed to be concerned that, well, I can't believe that means he waives it forever. And under the Cornwell case, once the defendant showed back up and appeared ready for trial, speedy trial demand was in effect. But the statute has been amended since Cornwell to specifically say, any date set by the court in which the defendant fails to appear waives his written demand for speedy trial. He could have filed a new written demand. He did not do so. So we respectfully request that this court reverse the decision of the trial court and amend the statute for the proceedings. Are there any other questions? I'll answer those. Thank you, Ms. Stacy. I don't believe there are any more questions. Ms. Drevers, thank you both for your arguments and briefs. We'll take the matter under advisement. Resume ruling in due course. This court stands in recess until 9 o'clock tomorrow morning.